UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ROLA NESHEIWAT,

                Plaintiff,

     - against -

STAPLES INC.,

                Defendant.
------------------------------------------------------x

Docket No.:

ECF CASE

COMPLAINT

06 CIV. 5752

PLAINTIFF DEMANDS
A JURY TRIAL

      Plaintiff, ROLA NESHEIWAT, by her attorneys, GOODSTEIN & WEST, complaining of the Defendant, alleges as follows:

      1.    This is an action for compensatory damages and punitive damages on behalf of plaintiff. This suit is authorized pursuant to Title VII of the Civil Rights Act of 1964 (42 USC §2000e *et. seq.*). Plaintiff also has a pendent state claim pursuant to the New York Human Rights Law (N.Y.S. Executive Law §290 *et seq.*). Jurisdiction of this Court is invoked pursuant to 42 USC §2000e-5(f) and 28 USC §1343; 28 USC §§2201, 2002 and under the Principle of Pendent Jurisdiction. Jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964 (42 USC §2000e *et. seq.*) providing for equitable and legal relief against sexual discrimination and retaliation in employment; and the New York State Human Rights Law (NYS Executive Law §290 *et seq.*).

## PARTIES

      2.    Plaintiff, ROLA NESHEIWAT, (hereinafter "NESHEIWAT") is a female who resided in the County of Dutchess in the State of New York and now resides in Tampa, Florida. Plaintiff has filed a charge with the Equal Employment Opportunity Commission and has received

a Notice of Right to Sue. (Copies of the charge of discrimination and Notice of Right to Sue are annexed as Exhibits 1 and 2 respectively.)

3. This action has been brought within 90 days of receipt of the Notice of Right to Sue regarding the complaint.

4. Defendant STAPLES INC. (hereinafter "STAPLES"), is a corporation doing business in the State of New York with an office located at 100 Haddon Drive, Montgomery, New York 12549 in the County of Orange. Defendant is an employer as defined by Title VII of the Civil Rights Act of 1964. On information and belief, defendant has employed more than 1000 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

## FACTS

5. Plaintiff, ROLA NESHEIWAT is a female and was hired by Respondent at the facility located at 100 Haddon Drive, Montgomery, New York, on or about October 2005.

6. Plaintiff's supervisor, Lionel, continued to asked her inappropriate questions regarding her personal relationships.

7. Further, Lionel, would make physical suggestive gestures towards plaintiff.

8. Lionel also asked plaintiff whether she wanted a "kiss for Christmas."

9. On Friday, December 23, 2005, plaintiff went to see Lionel in his office to verify a task. During this conversation in his office, Lionel asked her to sit down and proceeded to ask her whether or not she was married or whether she currently had a boyfriend. He then asked plaintiff if she lived alone. Plaintiff responded to these questions but felt very uncomfortable. Lionel then asked plaintiff to meet him at "Torches", a local bar and restaurant at 12:00 a.m. so that he could take plaintiff out. As he said this he winked his eye towards plaintiff once again. Plaintiff felt very

-2-

uncomfortable about this conversation and felt quite uneasy. Plaintiff reported the harassment to Eric Bunten, the third shift lead at approximately 6:00 a.m.

10. Plaintiff did not meet Lionel at 12:00 that evening as he requested. When plaintiff came to work the next Monday evening, for her regularly scheduled shift, Lionel's demeanor had changed; he became firm and strict towards plaintiff. At approximately 12:10 a.m., plaintiff was lead by Lionel to his office. At that point in time, plaintiff was terminated due to her two month appraisal.

11. Plaintiff was terminated despite the fact she had just received a satisfactory report from Don Halpern, two work days prior to her termination. Plaintiff then reported to the second shift operations manager all of Lionel's inappropriate behavior.

12. As a result of this report, plaintiff was interviewed by representatives from the company, specifically, Gina Sypher, Human Resource Manager.

13. By letter dated January 3, 2005 (sic) Ms. Sypher confirmed her meeting with plaintiff on December 28, 2005. Ms Sypher informed plaintiff that Staples was conducting a prompt and thorough investigation to determine whether any corrective action was appropriate.

14. By letter dated January 6, 2006 Ms. Sypher informed plaintiff that "based on our investigation thus far, we have been unable to draw any conclusions about your allegations." However, plaintiff was not reinstated to my position with Staples Inc.

## AS AND FOR A FIRST CAUSE OF ACTION

15. Plaintiff was subjected to sexual discrimination and/or retaliation for exercising her rights and opposing discriminatory practices made unlawful by Title VII of the Civil Rights Act of 1964 (42 USC §2000e *et. seq.*).

## PENDENT STATE CLAIM

16. Defendant STAPLES is an employer as that term is defined by the New York State Human Rights Law (Executive Law §290 *et seq.*).

17. Plaintiff NESHEIWAT was subjected to sexual discrimination and/or retaliation in consequence of her exercising her right under New York State law and opposing discriminatory practices made unlawful by the Human Rights Law (NYS Executive Law §296 *et seq.*).

18. Plaintiff demands a jury trial on her Title VII causes of action and on her pendent State Human Rights claims.

**WHEREFORE**, plaintiff demands judgment against the defendant as follows:

### On Plaintiff's First Cause of Action

(a) An award of back pay including all raises, promotions and benefits from December 26, 2005 to the present;

(b) Reinstatement of plaintiff's employment with full seniority and promotions with commensurate salary and benefits retroactive to December 26, 2005;

(c) An award of compensatory damages and/or punitive damages pursuant to Title VII of the Civil Rights Act of 1964 in an amount permitted by law;

(d) An award of reasonable attorney's fees pursuant to Title VII of the Civil Rights Act of 1964; and

(e) Costs and interest from December 26, 2005.

### On Plaintiff's Pendent New York State Cause of Action

(a) An Award of compensatory damages in the amount of Five Hundred Thousand Dollars ($500,000); and

  (b)  Costs and interest from December 26, 2005.

  Together with such other and further relief as to the Court seems just and proper.

Dated: New Rochelle, New York
   July 27, 2006

               Yours, etc.,

               **GOODSTEIN & WEST**

               By: _____
               **ROBERT DAVID GOODSTEIN (RDG 5443)**
               *Attorneys for Plaintiff*
               56 Harrison Street, Suite 401
               New Rochelle, New York 10801
               (914) 632-8382

# EXHIBIT 1

# CHARGE OF DISCRIMINATION

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | |

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

_____ and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| MS. ROLA NESHEIWAT | (845) 309-9680 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 15B CANTERBURY LANE, | WAPPINGERS FALLS, NEW YORK 12590 | 8/24/81 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| STAPLES INC. | OVER 1,000 | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 100 HADDON DRIVE, | MONTGOMERY, NEW YORK 12549 | ORANGE |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ AGE
☒ RETALIATION   ☐ NATIONAL ORIGIN   ☐ DISABILITY   ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)     LATEST (ALL)

1/06/06

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

SEE ANNEXED

Darlene Bellis
Notary Public, State of New York
Reg. # 01BE6094361
Qualified in Dutchess County
Commission Expires June 16, _2007_

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures.

NOTARY - (When necessary for State and Local Requirements)
_Darlene Bellis_

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT
_Rola Nesheiwat_

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

Date _____  Charging Party (Signature)

EEOC FORM 5 (Test 10/94)

## ROLA NESHEIWAT
## EEOC CHARGE OF DISCRIMINATION - PARTICULARS

1. I was hired by Respondent at the facility located at 100 Haddon Drive, Montgomery, New York, on or about October 2005.

2. My supervisor, Lionel, continued to ask me inappropriate questions regarding my personal relationships.

3. Further, Lionel, would make physical suggestive gestures towards me.

4. Lionel also asked me whether I wanted a "kiss for Christmas."

5. On Friday, December 23, 2005, I went to see Lionel in his office to verify a task. During this conversation in his office, Lionel asked me to sit down and proceeded to ask me whether or not I was married or whether I currently had a boyfriend. He then asked me if I lived alone. I responded to these questions but felt very uncomfortable. Lionel then asked me to meet me at "Torches", a local bar and restaurant at 12:00 a.m. so that he could take me out. As he said this he winked his eye towards me once again. I felt very uncomfortable about this conversation and felt quite uneasy. I reported the harassment to Eric Bunten, the third shift lead at approximately 6:00 a.m.

6. I did not meet Lionel at 12:00 that evening as he requested. When I cam to work the next Monday evening, for my regularly scheduled shift, Lionel's demeanor had changed; he became firm and strict towards me. At approximately 12:10 a.m., I was lead by Lionel to his office. At that point in time, I was terminated due to my two month appraisal.

7. I was terminated despite the fact I had just received a satisfactory report from Don Halpern, two work days prior to her termination. I then reported to the second shift operations manager all of Lionel's inappropriate behavior.

8. As a result of this report, I was interviewed by representatives from the company, specifically, Gina Sypher, Human Resource Manager.

9. By letter dated January 3, 2005 (sic) Ms. Sypher confirmed her meeting with me on December 28, 2005. Ms Sypher informed me that Staples was conducting a prompt and thorough investigation to determine whether any corrective action was appropriate.

10. By letter dated January 6, 2006 Ms. Sypher informed me that "based on our investigation thus far, we have been unable to draw any conclusions about your allegations." However, I was not reinstated to my position with Staples Inc.

# EXHIBIT 2

| EEOC Form 161 (3/98) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | |
|---|---|---|

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Rola Nesheiwat<br>15b Cantebury Lane<br>Wappingers Falls, NY 12590 | From: | Boston Area Office - 523<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-01363 | Edward J. Ostolski, Investigator | (617) 565-3214 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Robert L. Sanders,
Area Office Director

JUN 27 2006
*(Date Mailed)*

Enclosures(s)

cc: **STAPLES INC**
100 Haddon Drive
Montgomery, NY 12549